**Affirmed and Memorandum Opinion filed April 29, 2014.**



In The

# Fourteenth Court of Appeals

## NO. 14-13-00417-CV

### ACGS MARINE INSURANCE COMPANY, Appellant

### V.

### SPRING CENTER, INC., Appellee

**On Appeal from the 11th District Court
Harris County, Texas
Trial Court Cause No. 2011-09454**

## M E M O R A N D U M   O P I N I O N

Appellant ACGS Marine Insurance Company asserts that the trial court erroneously granted a partial summary judgment in favor of appellee Spring Center, Inc. Specifically, the trial court found a policy condition excluding coverage in a limited commercial property insurance policy is ambiguous and, thus, construed the condition in favor of coverage. We affirm.

**BACKGROUND**

Spring Center owns a business park in the Houston area consisting of eleven buildings, all surrounded by a single fence. It leases space within its eleven buildings to various businesses, including those providing light manufacturing, storage, and light machine repair, among others. Spring Center also has a management office located on the property that is staffed during normal business hours. It purchased a limited commercial property insurance policy from ACGS providing coverage to the property from January 1, 2010 to January 1, 2011 (the Policy).

On August 13, 2012, a vacant building in the business park was broken into and "completely stripped of electrical wiring." Major damage was done to the offices and exterior doors were broken. Spring Center timely notified ACGS of the damage and requested coverage under the Policy. During its investigation, ACGS learned from Spring Center's representative that the building had been vacant for about four months prior to the loss. ACGS informed Spring Center in writing that it would not cover the damage based on the following Policy condition:

> **Vacancy – Unoccupancy** – "We" do not pay for loss caused by attempted "theft"; breakage of building glass; sprinkler leakage (unless "you" have protected the system against freezing); "theft"; vandalism; or water damage occurring while the building or structure has been:
>
> a.    vacant for more than 60 consecutive days; or
>
> b.    unoccupied for more than:
>
> >    1)    60 consecutive days; or
> >
> >    2)    the usual or incidental unoccupancy of a "covered location";
>
> whichever is longer.

2

Unoccupied means that the customary activities or operations at a "covered location" are suspended, but business personal property has not been removed. The building or structure will be considered vacant and not unoccupied when the occupants have moved, leaving the building or structure empty or containing only limited business personal property. Buildings or structures under construction are not considered vacant or unoccupied.

Following ACGS's denial of coverage, Spring Center sued ACGS, asserting contractual and extra-contractual claims. ACGS moved for summary judgment on, as is relevant here, whether it properly denied coverage for Spring Center's loss under this Policy condition. The trial court denied ACGS's motion, stating: "The Court believes that a 'covered location' for purposes of the insurance policy in question included all eleven buildings contained within the fenced area. These eleven buildings were collectively insured as one property by one policy with one vacancy clause that applied to the property as a whole."

Spring Center filed a partial summary judgment motion on liability, centering on "an interpretation of the Policy's vacancy exclusion." ACGS filed a response, asserting similar arguments as it had in its summary judgment motion and arguing that its previously denied summary judgment motion should be reconsidered and granted. The trial court granted partial summary judgment in favor of Spring Center on the following grounds:

The court finds an ambiguity exists in the insurance policy regarding whether the vacancy clause applies to each of the 11 buildings at the covered location separately as ACGS contends, or to all 11 buildings collectively as Spring Center contends. The vacancy/unoccupancy condition uses both the phrases "the building or structure" and "covered location" in defining what must be not vacant/occupied in order for coverage to exist. Notably this condition does not use the phrase "each building or structure." It is undisputed that the "covered location" is 22820 Interstate 45 North, Spring, TX 77373, which is a

3

fenced business park with 11 separate buildings. The Schedule of Coverage references the property contained on the Location Schedule with regard to what property was covered. The Location Schedule describes the "Covered Property" as a "Building" with a single limit of $10,350,000.

The coinsurance provisions state: "If there is more than one 'limit' indicated on the 'schedule of coverage,' this procedure applies separately to each covered property for which a 'limit' applies. If there is one 'limit' indicated on the 'schedule of coverage,' this applies to the total of all covered property to which the 'limit' applies." This language eliminates any ambiguity regarding whether the coinsurance clause is to be applied to each building separately or to the property as a whole.

The Windstorm or Hail Deductible provisions state: "The windstorm or hail percentage deductible applies separately to: a. *each* building or structure . . . ." This language also eliminates any ambiguity regarding how the windstorm or hail deductible is to be applied.

No similar language is used regarding the vacancy/unoccupancy condition, making the condition ambiguous. ACGS Marine does not dispute that ambiguities in insurance policies are construed in favor of the insured. The court therefore construes the vacancy/unoccupancy condition as applying only if the entire business park at the covered location was vacant or unoccupied. Since it is undisputed that the entire covered location was not vacant at the time of the loss, there is coverage for Plaintiff's damages pursuant to the terms of the policy.

The parties subsequently settled the extra-contractual claims and entered a confidential agreement regarding the amount of damages. The trial court signed a final, appealable judgment on April 11, 2013. This appeal timely followed.

## ANALYSIS

When both parties move for summary judgment and the trial court grants one motion and denies the other, the reviewing court should review all the summary judgment evidence, determine all questions presented, and render the

4

judgment the trial court should have rendered. *Mid–Continent Cas. Co. v. Global Enercom Mgmt., Inc.*, 323 S.W.3d 151, 153–54 (Tex. 2010). We analyze disputes over the interpretation of insurance contracts using the well-established principles of contract construction, attempting to determine the parties' intent through the language of the policy. *Id.* at 154. That the parties may disagree about the policy's meaning does not create an ambiguity; only if the policy is subject to two or more reasonable interpretations is it ambiguous. *State Farm Lloyds v. Page*, 315 S.W.3d 525, 527 (Tex. 2010). When an ambiguity involves an exclusionary provision of an insurance policy, we adopt the construction urged by the insured so long as that construction is not unreasonable, even if the construction urged by the insurer appears to be more reasonable or to more accurately reflect the parties' intent. *Gilbert Constr., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 132 (Tex. 2010) (quoting *Balandran v. Safeco Ins. Co. of Am.*, 972 S.W.2d 738, 741 (Tex. 1998)).

As noted above, the parties disagree about the interpretation of the "Vacancy – Unoccupancy" condition. In its summary judgment motion and response to Spring Center's motion, ACGS asserted that the phrase "the building or structure" used in this condition must refer to a single building or structure. ACGS contended that the plain language of the condition applies to a singular "building or structure," not to the vacancy of a "covered location." ACGS's construction finds the following support within the policy language:

- "We" cover direct physical loss to covered property at a "covered location" caused by a covered peril.
- **Covered Building Property –** Covered Building Property means buildings and structures . . . .
- "Covered Location" means any location or premises where "you" have buildings, structures, or business personal property covered under this coverage. However, if the Scheduled Locations

5

Endorsement is added to this policy, "covered location" means a location that is described on the Location Schedule.

- The windstorm or hail percentage deductible applies separately to . . . each building or structure, including business personal property within each building or structure.

- Collapse of a building or structure, any part of a building or structure, or personal property inside a building or structure . . . .

Based on this policy language, ACGS argued the Policy indicates that multiple buildings and structures can be present at one "covered location." It contended that "where several buildings in a warehouse complex are insured under a blanket policy, it is proper to evaluate the loss to individual buildings, rather than to determine the loss to the complex as a whole."[1] ACGS asserted that the use of the singular term "building or structure" in the Policy is crucial because it indicated a difference in application. Finally, ACGS urged that Spring Center's interpretation of the policy is unreasonable because it "would require the Court to ignore the plain language indicating losses to 'a building or structure,' and the same is true of other Policy terms."

Spring Center, on the other hand, asserted in its summary judgment motion that the Policy, when read as a whole, identifies and insures only one "covered location," not the separate buildings at that location. Spring Center's construction also finds support with the policy language:

- The "covered location" definition, excerpted above.

- The Policy's Schedule of Coverages, which is stated as a catastrophe limit applied to the property as a whole and refers to the Location Schedule for the limits and coinsurance penalty.

- The Location Schedule, indicating a single covered location at 22820 Interstate 45 North, Spring, TX 77373, identified as a "Building."

---

[1] *See* 12 Steven Plitt et al., Couch on Insurance § 177:72 (3rd ed. 1995).

6

Spring Center contended that ACGS's asserted interpretation "ignores that the Policy insures one property location only and not separately the individual buildings at that location."

The "Vacancy – Unoccupied" condition refers to both a "building or structure" and a "covered location." The term "covered location" is defined by the Policy: if the Policy contains a Scheduled Locations Endorsement, the "covered location" means a location described on the Location Schedule. The Policy contains a Scheduled Locations Endorsement. Thus, the term "covered location" in the Policy means a location described on the Location Schedule. As indicated above, the Location Schedule only contains a single location, 22820 Interstate 45 North, Spring, TX 77373, identified as a "Building." Although it is undisputed that the specific "building" at issue was vacant for more than 60 days before the theft occurred, it is likewise undisputed that the "Building" insured under the policy was *not* vacant for more than 60 consecutive days before the theft occurred.

Based on the plain language of the policy as a whole, it is not unreasonable to interpret the vacancy portion of the "Vacancy – Unoccupied" condition to require that the entirety of the "Building" located at 22820 Interstate 45 North— the only "building" specifically identified in the Policy—be vacant for more than 60 consecutive days before this condition excluded coverage in the event of a theft. *See Mid–Continent Cas. Co.*, 323 S.W.3d at 154 (providing reviewing courts attempt to discern the parties' intent by looking at the language of the policy). And even if the construction urged by ACGS appears to be more reasonable or to more accurately reflect the parties' intent, we adopt the construction of Spring Center because it is not unreasonable. *See Gilbert Constr., L.P.*, 327 S.W.3d at 132.

7

For the foregoing reasons, we conclude that the trial court did not err in granting Spring Center partial summary judgment on liability. We therefore overrule ACGS's sole appellate issue.

The judgment of the trial court is affirmed.


/s/ Sharon McCally
   Justice

Panel consists of Justices McCally, Busby, and Donovan.